IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-00225-FL

| | | |
|---|---|---|
| TAFARI ARYANA WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 18, 22). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motion, denies plaintiff's motion, and affirms defendant's final decision.

## BACKGROUND

On September 7, 2012, plaintiff protectively filed an application for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning July 10, 2012. The applications were denied initially and upon reconsideration. Plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after a September 3, 2014, hearing, denied plaintiff's claims by decision entered March 17, 2015. Following the ALJ's denial of her applications, plaintiff timely filed a request for review with the Appeals Council and submitted

additional evidence as part of her request. After reviewing and incorporating some of the additional evidence into the record, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court on May 4, 2016, seeking review of defendant's decision.

## COURT'S DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build

2

an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 10, 2012. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease and obesity. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, with postural restrictions, and that plaintiff could occasionally lift and carry 20 pounds; frequently lift and carry 10 pounds; stand and walk or sit 6 out of 8 hours; sit, stand, or walk for 30 minutes at one time before needing to shift to a different posture; and occasionally stoop and kneel. At step four, the ALJ concluded plaintiff was able to perform her past relevant work as mail clerk/mail handler and as a router. Notwithstanding, at step five, the ALJ made alternative findings and upon considering plaintiff's age, education, work experience, and RFC, determined plaintiff is capable of adjusting to the demands of other employment opportunities that exist in significant number in the national economy. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Plaintiff generally argues that the ALJ erred in determining that she was able to perform a limited range of light work in that the ALJ failed to conduct a function-by-function analysis, but plaintiff does not point to specific portions of the M&R addressing such issues.[1]  The court reviews de novo only those portions of a magistrate judge's M&R to which specific objections are filed. Diamond, 416 F.3d at 315; Camby, 718 F.2d at 200; Orpiano, 687 F.2d at 47.  Additionally, plaintiff did not raise such issues in her motion for judgment on the pleadings; therefore, the magistrate Judge did not address such issues in the M&R.  Although the court is required to review de novo all arguments related to an issue raised before the magistrate judge, new issues never raised before the magistrate judge do not require such an analysis.  Cf. United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) (emphasis added) ("We believe that as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate."); Samples v. Ballard, 860 F.3d 266, 274 (4th Cir. 2017) ("Translating this to the George framework, we do not believe that an 'issue' as referred to in George can be defined at the high level of generality [appellant] urges us to apply here.").  However, in an abundance of caution, the court will address plaintiff's argument de novo.

---

[1] Plaintiff briefly also mentions arguments that were addressed by the magistrate Judge namely whether the ALJ erred in not giving the plaintiff's testimony proper weight generally or particularly with regard to plaintiff's testimony that she continues to use a cane.  Although this court addresses these allegations below in a function-by-function analysis, upon careful review of the M&R and the record generally, the court finds no clear error in the magistrate Judge's treatment of these issues in addressing the ALJ's credibility analysis.

5

An ALJ's residual functional capacity assessment must "identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted). The Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." Id. However, "remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. (quotations omitted).

Remand is not required in this instance because the ALJ discussed in her decision the functional limitations alleged by plaintiff. In addition, although the ALJ did not perform an "explicit function-by-function analysis," id., the ALJ's discussion is sufficiently detailed to enable meaningful review.

For example, plaintiff alleges that she has chronic back pain, lumbar radiculopathy, knee pain, and back spasms, impacting her ability to walk and lift. The ALJ recognized plaintiff's testimony in this regard, but discussed medical evidence bearing on limitations in walking and movement and showing "claimant's symptoms are not as intractable as alleged." (Tr. 77). Specifically, she "has degenerative disease but her acute abnormalities, involving the sacroiliac joints, were successfully treated with surgery" and "[s]he has been treated for chronic back pain but several physicians have stated that her complaints of pain and her pain behavior were out of proportion to the physical findings." (Id.). The ALJ also noted that she "has tenderness of the back muscles but . . . no limitation of spinal motion," and that she "has no signs of nerve root compression, which might be expected based on the degree of pain alleged." (Id.). Finally, the ALJ

6

discussed plaintiff's pain treatment regimen that it is currently only over-the-counter medication, which means plaintiff "has not required such aggressive measures for symptom relief as ongoing use of steroid medication or therapeutic injections, application of TENS equipment, or enrollment in a pain relief management program." (Id.).

Plaintiff also alleges that she has to use a cane to walk and that impacts her ability to perform daily activities. The ALJ again recognized plaintiff's testimony in this regard, but discussed medical evidence showing no medical necessity for the use of the cane. In particular, "[i]n December 2012, she was advised to discontinue use of the cane" and when she fell and decided to use the cane again, "this was not prescribed by her physician." (Tr. 77). The treating physician "envisioned that she would have a limited period of inability to work that was to last from March-June 2013." (Id.).

Plaintiff also alleges her ability to work is impacted by sleep apnea. The ALJ noted plaintiff's testimony regarding sleep apnea, but discussed medical evidence, a "polysomnogram study, performed in March 2012," that "showed that she had nocturnal hypoxia but no evidence of sleep apnea." (Tr. 72). The ALJ noted that plaintiff has been prescribed oxygen but also noted that plaintiff testified that she is not using that equipment. (Id.). The ALJ also noted that plaintiff's "treatment record also reveal that she said that she was not interested in changing her irregular sleep pattern, in which she watches television all night and sleeps all day." (Id.). The ALJ finally noted that the plaintiff "does not have any symptoms or signs of chronic cor pulmonale, an organic mental disorder, or respiratory insufficiency," concluding that plaintiff's "history of a sleep disorder does not significantly impact her ability to perform basic work-related activities." (Id.).

Plaintiff also alleges her ability to work is impacted by asthma. The ALJ noted plaintiff's testimony regarding her asthma, but discussed that plaintiff testified that she had not had an asthma

7

attack in five years and she is not required the use of a rescue inhaler. The ALJ discussed medical evidence showing minor functional limitations due to this alleged impairment, including that plaintiff's "lungs have always been clear and that she does not have any signs of respiratory insufficiency, such as cyanosis, clubbing, or use of the accessory muscles of respiration." (Tr. 72).

In sum, remand is not required for an explicit function-by-function analysis in this case, where the ALJ discussed in her decision the functional limitations alleged by plaintiff and there are no other inadequacies in the ALJ's analysis that frustrate meaningful review.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 18) is DENIED, and defendant's motion for judgment on the pleadings (DE 22) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED this the 15th day of August, 2017.

LOUISE W. FLANAGAN
United States District Judge